IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOE BUICE, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| GWINNETT COUNTY SHERIFF'S OFFICE, JOHNATHAN KEITH "KEYBO" TAYLOR, in his individual and official capacities, and CLEOPHAS ATWATER, in his individual and official capacities, | |
| Defendants. | |

## COMPLAINT

COMES NOW Joe Buice ("Plaintiff" or "Mr. Buice"), by and through his undersigned counsel, and files this Complaint, showing the Court as follows:

## JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII"), 42 U.S.C. § 1981, *et. seq.* ("Section 1981") pursuant to 42 U.S.C. § 1983, and 28 U.S.C. § 1341 and 1343.

1

2.

This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5(f).

## ADMINISTRATIVE PROCEDURES

3.

Plaintiff has fulfilled all conditions precedent necessary to proceed with this cause of action under Title VII.  Plaintiff filed a charge of discrimination with the EEOC on May 20, 2021; and the Plaintiff received Notice of Right to Sue on or about March 30, 2022.

4.

This action has been commenced within ninety (90) days of receipt of the Notice of Right to Sue.

## PARTIES

5.

Plaintiff is a white citizen of the United States of America, is entitled to bring actions of this kind and nature and is subject to the jurisdiction of this Court.

6.

Defendant Gwinnett County Sheriff's Office ("Defendant") is a governmental agency located within Gwinnett County Georgia and an employer as defined by Title

VII, such that Plaintiff's employment with the Gwinnett County Sheriff's Office is a contract pursuant to 42 U.S.C. § 1981. During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b). The Gwinnett County Sheriff's Office may be served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure by service on Gwinnett County Sheriff Keybo Taylor, at 2900 University Parkway, Lawrenceville, GA 30043.

7.

Defendant Keybo Taylor is the Gwinnett County Sheriff and is sued in his individual and official capacities for Plaintiff's claims under the Fourteenth Amendment's Equal Protection Clause and 42 U.S.C. § 1981 brought pursuant to 1983. Defendant Taylor may be served via personal service pursuant to Rule 4 of the Federal Rules of Civil Procedure by service on Gwinnett County Sheriff Keybo Taylor, at 2900 University Parkway, Lawrenceville, GA 30043.

8.

Defendant Cleophas Atwater is a Deputy Chief/Department Director for the Gwinnett County Sheriff and is sued in his individual and official capacities for Plaintiff's claims under the Fourteenth Amendment's Equal Protection Clause and

42 U.S.C. § 1981 brought pursuant to 1983.   Defendant Atwater may be served via personal service pursuant to Rule 4 of the Federal Rules of Civil Procedure by service on at the Gwinnett County Sheriff's Office, 2900 University Parkway, Lawrenceville, GA 30043.

## FACTUAL ALLEGATIONS

### 9.

Defendant hired Mr. Buice on November 28, 1998, as a Deputy Sheriff Jailor and was promoted several times during his career.  At the time of his termination, he was a Lieutenant.

### 10.

In or about January of 2021, Keybo Taylor took over as Sheriff for Gwinnett County.

### 11.

Sheriff Taylor is African-American.

### 12.

Immediately upon becoming Sheriff, Sheriff Taylor appointed Defendant Cleophas Atwater as Deputy Chief, Department Director for the Gwinnett County Sheriff's Office.

13.

Mr. Buice was out on medical leave when Sheriff Taylor assumed the position as a result of Covid-19.

14.

On or about January 7, 2021, when Mr. Buice returned to work, he reported to newly appointed Assistant Chief Marcelino Laboy's office.

15.

Under the instructions of Defendants Taylor and Atwater, Assistant Chief Laboy took Mr. Buice to Internal Affairs, where he was told that he was being placed on administrative leave while an investigation was conducted into an incident that occurred approximately six months prior involving another Deputy, under the prior administration of Sheriff Butch Conway.

16.

Mr. Buice had his ID taken, told to return his duty firearms and rifle, and was escorted from the building.

17.

No other justification was given for placing Mr. Buice on administrative leave.

18.

On or about March 22, 2021, Mr. Buice received an intent to terminate notice from Defendant.

19.

When Mr. Buice inquired about why, he was told that the Sheriff Taylor believed that he had interferred with an investigation, had failed to perform his duty, and had been dishonest.

20.

Both Defendants Taylor and Atwater were participants in the decision to terminate Lt. Buice.

21.

None of the allegations brought against Mr. Buice for misconduct were true and were, in fact, pretexts for discrimination on the basis of race, as Mr. Buice had in fact had initiated the very investigation in question.

22.

Within a day or two of Plaintiff receiving notice of termination, his supervisor, then Major (now Assistant Chief) LaBoy telephoned him in the evening.

23.

During the telephone conversation, Plaintiff said that he did not understand why he was being terminated as he had done nothing wrong.  Major LaBoy told Plaintiff that it was nothing personal and that Plaintiff had gotten caught up in a "political racial war" in the Sheriff's office.

24.

Mr. Buice had complied with existing policy and the instructions of his supervisors, including the then Sheriff.

25.

In lieu of being terminated, Mr. Buice was forced to retire.

26.

Under the prior administration, Defendant had a much more racially diverse group of employees.

27.

Following the appointment of Sheriff Taylor and due to the employment actions taken under his and Defendant Atwater's direction, the racial composition of the employees of the Gwinnett County Sheriff's Office became predominantly African-American.

28.

Several white employees, particularly those in upper management, were replaced by African-American employees, in what amounted to a race based spoils system.

29.

Mr. Buice expressed to Defendant that he was being discriminated against as compared to non-white employees and that such discrimination was based on his race.

30.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pretext.

31.

Defendant treated other employees outside of his protected class, i.e., non-White employees, more favorably, by terminating Plaintiff in order to promote and hire more Black employees.

## COUNT I:  COUNT IV:  RACE DISCRIMINATION VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

32.

Plaintiff reincorpoates by reference paragraphs 1 to 31 of this Complaint by this reference as if fully set forth herein.

33.

Defendants' actions in subjecting Plaintiff to ongoing race discrimination constitute unlawful discrimination on the basis of Plaintiff's race (white) in violation of Title VII.

34.

Defendants discriminated against Plaintiff because of his race willfully, wantonly, and in reckless disregard of Plaintiff's federally protected rights, and its discrimination against Plaintiff was undertaken in bad faith.

35.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect his status as an employee because of his race.

36.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected his psychological and physical well-being.

37.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination and retaliation.

**COUNT II:  VIOLATION OF THE EQUAL PROTECTION CLAUSE**
**OF THE FOURTEENTH AMENDMENT OF THE**
**UNITED STATES CONSTITUTION AND**
**42 U.S.C. § 1981**

38.

Plaintiff reincorpoates by reference paragraphs 1-31 of this Complaint by this express reference as if fully set forth herein.

39.

Defendants Taylor and Atwater, acting under color of law, subjected Plaintiff to discrimination on the basis of his race (white) by suspending and then terminating his employment.

40.

Defendant Taylor's and Atwater's actions in subjecting Plaintiff to racial discrimination constitutes unlawful discrimination on the basis of race in violation of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. section 1981, which claims are brought pursuant to 42 U.S.C. Section 1983.

41.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of his race.

42.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected his psychological and physical well-being.

43.

As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to his emotional health, and has lost back pay and is likely to continue to suffer lost front pay.

44.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff pray for judgment as follows:

(a)     Backpay from the date of his termination to the date of final judgment, with all increases in pay which he would have received but for his unlawful termination;

(b)     General damages for mental and emotional suffering caused by Defendant's misconduct;

11

(c)        Punitive damages against Defendants Taylor and Atwater based on this Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(d)        Retroactive reinstatement to his position with the County, or front pay in lieu of reinstatement, all with all benefits, perquisites, and emoluments of employment from the date of his termination to the date of final judgment;

(e)        Reasonable attorney's fees and expenses of litigation;

(f)        Trial by jury as to all issues;

(g)        Prejudgment interest at the rate allowed by law;

(h)        Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(i)        Injunctive relief prohibiting Defendant from further unlawful conduct of the type described herein; and

(j)        All other relief to which he may be entitled.

Respectfully submitted the 14th day of June, 2022.

**BARRETT & FARAHANY**

 s/ *Matthew C. Billips*

Matthew C. Billips
Georgia Bar No. 057110
Catherine Gavrilidis
Georgia Bar No. 565343

*Attorneys for Joe Buice*

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 Facsimile
matt@justiceatwork.com
catherine@justiceatwork.com